## HOWARD *v.* EDWARDS *et al.*

1. A declaration alleging that the plaintiff was arrested by the sheriff; that the arrest had no probable cause to sustain it, was illegal, unlawful and malicious; that it was made under some pretended paper which stated on its face that it was in favor of one of the defendants for some amount of money, was drawn up by another one of the defendants, and signed by another one of them as ordinary, and commanded the sheriff, another of the defendants, to arrest the plaintiff for some alleged contempt until he purged himself of such contempt; that the plaintiff made diligent search to find a record of some case or proceeding in court against him for contempt, and no such could be found; that the plaintiff had never been in contempt of the court of ordinary, and if he had ever attended said court, he deported himself as a gentleman: is good in substance as against all the defendants except the one in whose favor the alleged unlawful order of arrest was issued. As the arrest was malicious and without probable cause, as well as unlawful, a fair construction of the language of the declaration requires that malice and want of probable cause be treated as imputed to the ordinary and the defendant who co-operated with him in commanding the arrest, as well as the sheriff, it not appearing that the ordinary acted judicially, but the contrary being inferable from the allegation that no record of any case or judgment against the plaintiff for contempt could be found.

2. Though there was no cause of action against one of the defendants, this was no ground for sustaining a demurrer by him jointly with two others against whom a cause of action appeared. *May v. Jones,* last term, 88 *Ga.* 308, 14 S. E. Rep. 552.       *Judgment reversed.* May 27, 1892.

Malicious arrest. Probable cause. Practice. Before Judge McWhorter. Taliaferro superior court. August term, 1891.

The petition of Howard against Edwards, Flynt, Holden and Jordan was dismissed on demurrer, and Howard excepted. He alleged that on September 28, 1888, while he was passing through Taliaferro county on his legitimate business, he was seized by Jordan, the sheriff of that county, arrested and detained from his business, greatly to his injury and damage. The arrest was made with malice. It was under some pretended paper which stated that it was in favor of Edwards for some amount of money, and it was drawn by Holden in favor of Edwards against the plaintiff, signed by Flynt, ordinary of Taliaferro county, and commanded Jordan, the sheriff, to arrest and jail plaintiff for some alleged contempt of court until he purged himself of said contempt. The sheriff allowed him to go to the office of Flynt, the ordinary, and plaintiff through his attorney made diligent search to find a record of any case or of any proceeding in court. No case of any proceeding of contempt appeared, and plaintiff could find nothing except the vague order or process of the ordinary as already stated. He had never been in contempt of court of ordinary. He had never attended said court of ordinary, and if he did he deported himself as a gentleman and was never guilty of any contempt of court. The arrest detained him from an important business engagement; also with vexation and humiliation. It had no probable cause to sustain it, was illegal, unlawful and malicious. He was damaged by it $5,000. He would set out a copy of said order, but he has made diligent

search and inquiry for it from Flynt and Jordan, and cannot find it, and believes it has been destroyed that it might not be used by him.

The grounds of demurrer by Edwards, Holden and Flynt were, (1) that the declaration sets forth no cause of action against them; (2) that it does not charge them, or any of them, with any malice towards plaintiff, nor that they maliciously had him arrested; (3) that it does not allege any facts going to show there was any want of probable cause in the proceedings against plaintiff. Jordan demurred on the grounds (1) that the declaration sets forth no cause of action against him; and (2) that it shows that he was simply acting under the mandate of a court of competent jurisdiction over the subject-matter, and charges no knowledge or even belief on his part that there was any irregularity or illegality about the proceedings complained of.

JOHN W. HIXON, for plaintiff.

HORACE M. HOLDEN, for defendants.