CARSON, administrator, *v.* FEARS, administrator, *et al.*.

1. An amendment to the declaration in an action on promissory notes against the administrator of the maker, which alleged that a collusive and fraudulent decree was rendered against the administrator, pending the plaintiff's action, by which all the available assets of the estate for the satisfaction of the creditor were recovered of the administrator by certain claimants, such assets consisting of a tract of land; that the recovery was with the consent of the administrator and made for the purpose of defeating the plaintiff's suit against him; that thereafter the land was sold to certain named purchasers, who bought with notice of the plaintiff's claim, set forth a cause of action for general equitable relief as against the administrator and the claimants of the land who colluded with him, but did not set forth any cause of action against the purchasers, there being no allegation that they purchased with notice of the fraud, or of any infirmity in the decree adjudicating the land to be the property of their vendors as against the estate represented by the administrator. The plaintiff's claim being simply a claim for money, notice of it would afford no suggestion that the title of the estate to the land was, or would be, in controversy.

2. A creditor who would not, after obtaining judgment against his debtor, be too late to proceed for a fraud committed against him by the debtor in collusion with third persons, is, *a fortiori*, not too late when he proceeds before judgment by amendment to his pending action.

3. Where, in a statutory action upon promissory notes, the plaintiff filed an equitable amendment to his declaration, making additional parties and praying for special and general relief against them all, the amendment being meritorious as to some of the new parties and not so as to others, it was error to sustain a motion to dismiss the amendment, made jointly by all the defendants.

April 3, 1893. Argued at the last term.

Before Judge MILLER. Butts superior court. August term, 1892.

A. M. SPEER and WRIGHT & BECK, for plaintiffs.

M. V. McKIBBEN, W. W. ANDERSON and HALL & HAMMOND, for defendants.

LUMPKIN, Justice.

The Chief Justice asked the writer, one day, when we were considering whether or not certain acts of a corporation were valid, "Did anybody imagine, when you were an infant in caps, that you would ever be called upon to pass judicially upon the law of *ultra vires?*" At that time such a thing might have seemed quite improbable, but it was hardly less so than that in the year of grace 1893 I would participate in deciding a case begun on the 26th day of July, 1860, when I was in my first term at school; and yet both these things have come to pass. I *have dealt*, judicially, with the law of *ultra vires*, and I am now attempting to write an opinion in a case which was actually in court when I was a little child.

This case is certainly a venerable piece of litigation. It began nearly one third of a century ago, has already lived the average time allotted to the life of man, has been upon the docket of the superior court during the terms of many judges, including one who aftewards served a term upon the Supreme Bench of this State, and is now of counsel for the plaintiff in error, and surviving earthquakes, famines, wars and political revolutions, it still lives and flourishes. Neither one of the two original parties to the action is now in life, and as it goes back to the court where it originated, for another trial, we are not at liberty to predict that another generation of litigants will not participate in it before it reaches a final determination.

On the day above specified, James J. Carson brought an action in the statutory form upon two promissory notes against Riley S. Fears. Years afterwards, the case proceeded in the name of the plaintiff's administrator against the administrator of the defendant. At one time a judgment was rendered against this defendant, but for reasons not now material, it was afterwards set

aside. At the March term, 1884, the plaintiff filed an amendment to his declaration; and at the March term, 1889, he filed still another amendment, which was an amplification and enlargement of the first. By these amendments the plaintiff alleged that the only property of Riley S. Fears, the original defendant, from which the payment of the notes sued upon could be realized, was a tract of land which the administrator of Riley S. Fears had permitted the children of the latter to recover from him in a fraudulent action brought for the purpose of defeating the plaintiff in the collection of his claim against the estate; that this action had no just or valid foundation, but was the result of a fraudulent and collusive arrangement and conspiracy between the administrator and these other parties for the purpose stated; that immediately after recovering the land from the administrator, the children of Riley S. Fears sold it, in different parcels, to Charles Giles, Crockett Giles and James Crawford, who bought with notice of plaintiff's claim against the estate of Riley S. Fears. The plaintiff in the present case was not a party to the above mentioned suit against the administrator for the land. The last amendment prayed that all the above named persons be made parties to the case; that plaintiff have judgment against the administrator for the amount of the notes; that the judgment be so framed and moulded as to subject the land in question to the payment of plaintiff's claim, and for general relief. No question was raised as to the right of the plaintiff to amend his statutory action by making new parties thereto, and the case seems to have been treated by all the parties, including those added by the amendment, as if the act of October 16th, 1885, conferring equity jurisdiction upon courts of common law, and the uniform procedure act of October 24th, 1887, were applicable. Without ruling directly upon this question, we will merely remark that no

reason now occurs to us why these acts should not, with reference to making parties by amendment and uniting equitable with legal rights, apply to cases pending at the time of their passage. The first amendment, it is true, was made before either of these acts was passed, but the second amendment was made after the passage of both acts, and as it contains, substantially, all the allegations of the first amendment, the matter introduced by both amendments may be considered in view of and with reference to the legislation mentioned.

At the August term, 1892, all the defendants, including the newly made parties who had been duly served and brought into court, united in a motion to dismiss the amendments on various grounds. According to the principles announced in the head-notes, this motion, which the court granted, should have been denied.

1. Assuming the right of the plaintiff to make new parties and bring in equitable rights by amendment, we are satisfied that a good cause of action was stated against the children of Riley S. Fears. After long years of litigation and fruitless endeavors to collect his debt, with the details of which we have not encumbered the foregoing statement of facts, the plaintiff now shows to the court that the administrator and the children of his intestate have fraudulently attempted to put beyond his reach the only property out of which his claim against the estate can be collected, and have, *prima facie*, succeeded in doing so. This being true, we see no reason why he cannot, under his prayer for general relief, make these persons answerable in this case for the injury he has thus sustained, and to this end, have a recovery in money against them, conjointly with the administrator. In our opinion he has the right, if the allegations in his amendments are true, to obtain this relief now without being compelled to first litigate with the administrator, and if successful in obtaining a judgment against

him, to then resort to other and additional litigation with the children of Riley S. Fears in order to make his judgment against the administrator fruitful. That he should be allowed to settle this entire controversy with these parties in one case and by one trial, accords perfectly with the spirit and purpose of the two acts above mentioned, the administrator and his sureties being insolvent, and the plaintiff having, in consequence, under the facts stated, no means of making his money unless he can subject this land.

We do not think, however, that the last amendment, which is the only one referring to the Messrs. Giles and Crawford, sets forth any legal or equitable cause of complaint against them. The mere fact that they bought the land in question from the children of Riley S. Fears with notice of plaintiff's claim against the estate, does not deprive them of their status as innocent purchasers. For aught that appears in the amendment, they had no notice or knowledge of any fraud between the administrator and their vendors in relation to the suit by which the title to the land was vested in the latter. So far as these purchasers are concerned, there was nothing to suggest that this suit was not entirely fair, regular and honest, or that what it adjudicated was contrary to the real rights of the parties. No such assumption or inference could possibly arise from the mere fact that the plaintiff had a money demand against the estate. We will, in the last division of this opinion, indicate the manner in which we think they should have attacked this amendment.

2. The motion to dismiss the amendments concedes, and we think properly, that if the plaintiff had obtained a judgment against the administrator in the action on the notes, he could thereafter have proceeded against the children of Riley S. Fears for the fraud alleged to have been committed by them in collusion with the ad-

ministrator; and yet, one ground of this motion asserts that the plaintiff is barred by the statute of limitations from attacking the decree by which the administrator lost the land as assets of the estate administered. It should be remembered that the plaintiff was not a party to the case which resulted in that decree, and as a matter of course, is not bound by it. He really had no interest in the land, nor any reason to be concerned as to the manner in which the children of Riley S. Fears acquired title to it, except as it might become necessary to subject the premises to the payment of his claim. It does not appear when he discovered the alleged fraud by which the estate was divested of this land, nor do we think this is material, for he certainly had the right, if he had chosen to exercise it, to proceed against the administrator without making any other persons parties to his suit; and if he had done this, and then, after obtaining judgment, had found no property of the estate in the hands of the administrator out of which to collect the judgment, he would, beyond a doubt, have had the right to trace the assets of the estate into the hands of any persons who had fraudulently obtained the same from the administrator, who was insolvent and his bond worthless. This being so, the plaintiff certainly cannot be said to be too late in pursuing this remedy by amending his declaration for this very purpose before obtaining judgment against the administrator.

It will, of course, be understood that in discussing the questions presented, we have assumed as true the allegations of the amendments only for the purpose of testing their legal sufficiency, and have not intended to express or intimate any opinion as to whether or not these allegations are in fact true.

3. We have already shown that the amendments, in so far as they relate to the children of Riley S. Fears, are meritorious and should not have been dismissed; but

that the last amendment, so far as it seeks to present a cause of action against the Messrs. Giles and Crawford, entirely fails in its purpose. Had these latter named defendants filed a separate demurrer thereto, or made a separate motion to dismiss it on this ground as to themselves, such demurrer or motion should have been sustained; but inasmuch as they chose to unite with the administrator and the other defendants in a joint motion to dismiss, the court was under no obligation to decide upon the merits of the motion so far as it affected them separately. The amendment being good as to all the other defendants, the court erred in sustaining the joint motion to dismiss.

*May* v. *Jones*, 88 *Ga.* 308, sustains the rule laid down in the present case so far as relates to actions at law. The opinion in that case also states that under the code system this rule is applied to proceedings of an equitable nature, notwithstanding there is some authority for a different rule in equity. We are now dealing with an action at law with amendments seeking equitable relief, and are satisfied that the principle announced in the case just mentioned is applicable. Attention is directed to all the authorities therein cited. *Judgment reversed.*