## HARVEY v. ATKINSON, Governor.

1. A person who as the next friend of a minor has recovered a sum of money and given bond faithfully to account of and concerning such fund, may, upon the majority of such minor, be sued by him as for a breach of such bond in any court having jurisdiction of his person and of the subject-matter, without first obtaining an order from the court appointing the next friend and requiring the bond.

:2. In such a case, where the principal undertakes by the terms of the bond to account for a sum certain named therein, and fails to do so when called upon by a person authorized to make the demand, an action may be maintained against the principal and his sureties in the first instance, and the latter are not entitled to have the amount of the principal's liability fixed by judgment before they can be called to answer for his default.

Argued January 8,—Decided January 21, 1897.

Action on bond. Before Judge Reid. City court of Atlanta. July term, 1896.

*Longino & Golightly* and *L. S. Roan*, for plaintiff in error. *Thomas W. Latham*, contra.

ATKINSON, Justice.

E. B. Chapman, as the next friend of Sidney S. Chapman a minor, recovered a judgment in his favor in Campbell superior court, upon which he realized the sum of two thousand dollars; but before the proceeds of the action were delivered to him, the circuit judge required him to give bond in accordance with the provisions of rule 50 of the superior courts. Accordingly E. B. Chapman entered into a bond with M. P. Harvey and W. C. Parker as securities, in the sum of four thousand dollars, payable to the Governor, by which they each bound themselves jointly and severally. The condition of the bond was, that the said principal should well and truly and faithfully account of and concerning his trust as prochein ami of Sidney S. Chapman, his son and a minor, for said two thousand dollars, the amount recovered by said Chapman principal as the next friend of Sidney S. Chapman in the action above referred to. Upon that bond Sidney S. Chapman in his own name brought an action against the principal and the two securities, alleging that he had attained his majority, and that upon demand the principal had refused to account to him of and concerning the said two thousand dollars; alleging further, that the defendants admitted the recovery of the sum for which the bond was given, that they admitted that the bond was given and

the liability incurred, and yet on demand refused to pay him the sum sued for. One of the sureties upon the bond filed a demurrer to the declaration, upon several grounds. The first was, that an order of Campbell superior court must be had before suit can be brought on the bond, and none such is alleged; second, that the city court of Atlanta has no jurisdiction of the subject-matter or the parties, but the exclusive jurisdiction is in Campbell superior court; third, that the declaration does not show that the principal has not accounted to the regularly authorized guardian of Sidney Chapman for the fund, nor that the fund has not been properly invested by the guardian of Sidney Chapman in property for him, by order of the proper court. The demurrer was overruled, and the defendant excepted.

1. No order of Campbell superior court was necessary to the maintenance of this action. The person for whom the trust represented in the bond was raised, was, at the time of the institution of the suit, no longer an infant; he had reached his majority; was competent to represent himself, and could in his own name bring an action upon the bond, using the Governor, the official obligee, as the nominal plaintiff only. Under the rule of court which requires the execution of such a bond, an order of the court authorizing the suit was only required when it became necessary to bring a suit upon the bond for the use of the infant. When the beneficiary ceases to be an infant, that requirement of the rule ceases to have application.

We do not recognize in this trustee, for such the prochein ami became when he received the fruits of the action to the use of the minor, such an officer of court as makes him amenable only to the orders of that court. As long as he was prochein ami and representing the minor in pending litigation under appointment by the judge of that court, or holding the fund during the infancy of the beneficiary, it is quite probable that, without an order from the court appointing him authorizing such an action, he was not liable

to suit in another jurisdiction respecting any matter growing out of the litigation instituted by him as next friend, or his failure to account for said fund; but after he had received the fruits of the litigation, and had executed a bond conditioned to account for the fund, which being a sum certain had been entrusted to his care, he became an ordinary trustee answerable upon his bond, after the beneficiary attained his majority, in any court which might have jurisdiction of the person and subject-matter.

2. It was argued with considerable earnestness before us, that this action could not be maintained against the sureties on the bond until after judgment fixing the liability of the principal. With respect to a certain class of trustees, that is to say, administrators, executors and the like, before the passage of the statute providing otherwise, a preliminary action was necessary to establish the devastavit of the principal, before the securities could be held answerable for his default. No so, however, with ordinary trustees who are under bond, as in this case, to account, upon the happening of a particular event, for a sum certain which is expressed in the bond. This court, in the case of *Hall* v. *Woolley*, 59 *Ga.* 755, held expressly that the rule above referred to does not now and never did apply to a trustee's bond similar to the one in the present case. It was not necessary for the plaintiff to negative in the declaration the idea that the principal had accounted to the regularly authorized guardian of Sidney S. Chapman for the fund, nor that the fund had been properly invested by his guardian under order of the proper court. If the fund, or any part thereof, had been so appropriated, it was good matter of defense against the suit on the bond, and upon proof of which the principal and his sureties might relieve themselves from liability.

We conclude, therefore, that the court committed no error in overruling the demurrer to the declaration. Let the judgment of the court below be

*Affirmed. All the Justices concurring.*