# CHARLESTON.

## STATE v. JOE CIRRILLO.

### Submitted April 1, 1924.   Decided April 15, 1924.

INTOXICATING LIQUORS.—*Direction of Jury to Find Accused Guilty
on Proof of Possession of Mash, Without Submitting Ques-
tion of Whether Possession for Purpose of Making Intoxi-
cating Liquors, Erroneous.*

> Upon the trial of an accused for a violation of Section 37,
> Chapter 32-A, Code 1923, declaring it a misdemeanor for any
> person to make, or to have in his possession, or on his prem-
> ises, or on the premises of another, or elsewhere, or to have
> under his control, or an interest in any mixture of fermenting
> substances or materials, such as corn meal, or other crushed
> or ground cereals, fruits or roots combined with water or
> other liquids or substances, commonly known as "mash", or
> any mixture of like kind or character, *for the purpose of
> making intoxicating liquors,* an instruction directing the jury
> to find the defendant guilty upon proof beyond a reasonable
> doubt of his possession of such mash constitutes reversible
> error. The instruction should go further by submitting to the
> jury the question of whether the accused had the "mash" in
> his possession for the purpose of making intoxicating liquors.

Error to Circuit Court, Tucker County.

Joe Cirrillo was convicted in a court of justice of the
peace of possession of mash for the purpose of making in-
toxicating liquors, and he brings error.

*Reversed and remanded.*

*Charles D. Smith,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* As-
sistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was convicted by a jury in the circuit court
of Tucker county on appeal from justice of the peace under
a warrant charging him with the possession of "mash" in
violation of Section 37, Chapter 115, Acts 1921, (Section 37,

Chapter 32-A, Code 1923), which declares it to be a misdemeanor for any person to make or have in his possession or on his premises, or on the premises of another, or elsewhere, or to have under his control or an interest in, any mixture of fermenting substances or materials, such as ground meal, or other coarse or ground cereals, fruits or roots, combined with water or other liquids or substances commonly known as "mash," or any mixture of like kind or character, *for the purpose of making intoxicating liquors.* To the judgment of the court upon the jury's verdict, fixing the defendant's punishment at ninety days in jail and the payment of $100.00 fine and costs, he obtained this writ of error.

The search of defendant's residence on the 20th day of March, 1922, by members of the State Police under a search and seizure warrant, resulted in the finding of seventy gallons of "mash."

Two grounds of error are assigned:

(1) The trial court improperly overruled the defendant's motion to exclude the evidence and direct his acquittal by the jury, there being no proof that the mash was for distillation in the manufacture of "moonshine" liquor.

This point is without merit. The statute requires only that the purpose of the accused, owning, possessing or interested in mash, be the making of "intoxicating liquors," whether by fermentation alone, or by fermentation and distillation. The question has been considered and decided recently in our case of *State* v. *Patachas,* holding that any person connected with mash as provided in the statute, for the purpose of making intoxicating liquors, is guilty of its violation without reference to the method or manner in which the liquors may be manufactured from such mash, whether by fermentation or fermentation and distillation.

(2) At the instance of the State and over defendant's objection the trial court instructed the jury to find the defendant guilty if the possession by defendant of "mash" had been proven beyond a reasonable doubt. This was in effect a direction to find the defendant guilty, as the possession was not denied; and was unquestionably erroneous for ignoring the intent or purpose of the defendant in pos-

sessing the mixture.    The statute specifically requires, and properly so, that the defendant's purpose in making, possessing, controlling or being interested in, the mixture of fermenting substances or materials must be the manufacture of intoxicating liquors.    The case of *State* v. *Patachas,* cited, in point two of the syllabus, recognizes this element of the offense in the following language:

> *"If it be shown that the purpose of the possession of such mixture was to make intoxicating liquor therefrom,* it is not necessary to show that the liquor was to be made by use of a moonshine still in order to sustain a verdict of guilty as charged."

In the case of *State* v. *McHenry,* 93 W. Va. 396, 117 S. E. 143, where the defendant was charged by indictment with the offense now under consideration, Judge MILLER, speaking for the Court, said:

> "It is not only fully proven, but admitted, that defendant did have in his possession a mixture composed of cracked corn and molasses skimmings, and, he says, also of middlings, immersed in water, and that the possession of such mixture, if possessed for the purpose alleged in the indictment, would constitute a violation of the statute.    The fact in controversy, affirmed by the indictment, but put in issue by the defendant's plea of not guilty, is whether defendant's possession of said substance was as charged 'for the purpose of making intoxicating liquors' ".

The judgment of conviction was set aside in that case notwithstanding the admitted possession of mash by the defendant, on the ground that the evidence was insufficient to warrant the conclusion by the jury that the defendant intended its use for the manufacture of intoxicating liquors.

We have also held, upon the trial of an accused, charged with unlawfully and feloniously owning, possessing, maintaining and having an interest in a moonshine still, in violation of the same section of the statute, an instruction to the jury stating that possession of such device or apparatus by defendant warrants his conviction, is erroneous for ignoring the necessary element of criminal intent.    *State* v. *Edgell,*

'94 W. Va. 198, 118 S. E. 144; *State* v. *Moore,* 95 West Va. 604, 122 S. E. 147.

The judgment will therefore be reversed, the verdict of the jury set aside, and new trial awarded the defendant.

*Reversed and remanded.*