# CHARLESTON.

## STATE *v.* ANNA LOUGH.

Submitted September 16, 1924. Decided September 23, 1924.

1. INTOXICATING LIQUORS—*Indictment for Unlawful Transportation Need not Allege Places From Which and to Which Carried.*

    An indictment under section 31, chapter 32A, Barnes' Code 1923, for unlawfully carrying intoxicating liquors from one place to another in this state, need not allege the place from which, and the place to which, it was carried. (p. 242).

    (Intoxicating Liquors, 33 C. J. § 452).

2. SAME—*Criminal Intent Necessary Element of Crime of Unlawful Transportation.*

    Criminal intent is a necessary element of the statutory crime of unlawfully carrying intoxicating liquors from one place to another in this state. (p. 243).

    (Intoxicating Liquors, 33 C. J. § 197).

3.    Same—*Accused has Right to Have Guilty Knowledge or Intent
      to Unlawfully Transport Intoxicating. Liquors Submitted to
      Jury.*

   Upon the trial under an indictment for unlawfully carrying
intoxicating liquors from one place to another in this state,
if the evidence shows or tends to show that the defendant
carried it in ignorance of the fact or without intent so to do,
he has the right to have the issue of guilty knowledge or in-
tent on his part submitted to the jury, and it is error to re-
fuse an instruction presenting that issue.    (p. 243).

   (Intoxicating Liquors, 33 C. J. § 549).

   Note:   Parenthetical references by Editors, C. J.—Cyc.   Not part
           of syllabi.

Error to Circuit Court, Marshall County.

Anna Lough was convicted of the unlawful transportation
of intoxicating liquors, and she brings error.

*Reversed, and new trial ordered.*

*D. B. Evans* and *Martin Brown,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,*
Assistant Attorney General, for the State.

Meredith, President:

The defendant was convicted upon an indictment which
charges that she "did unlawfully bring and carry into the
state of West Virginia and did unlawfully carry from one
place to another within said (Marshall) county and state, in-
toxicating liquors, as defined by section 1 of chapter 13, Acts
of the Legislature of 1913."

She was tried for unlawfully carrying intoxicating liquors
from one place to another in Marshall County, there being no
proof that she brought liquor into the state.    The first error
assigned is that the court erred in overruling defendant's
motion to quash the indictment on the ground that it fails
to name the place from which and the place to which she car-
ried the liquor.    This is the first time, so far as we can find,
that this point has been raised in this court.    Defendant's
counsel refer to a number of cases arising in other jurisdic-
tions in which it has been held that the indictment should
be quashed if it fails to state the place from which and the

the place to which the liquor is carried. Among those cited is the case of *State* v. *Lashus*, 79 Me. 541, 11 Atl. 604. The complaint there charged that the defendant "in said county of Kennebec, did then and there, knowingly transport from place to place, *in said state of Maine,* intoxicating liquors with intent that the same shall be sold in violation of law, in said county of Kennebec", etc. The court held the complaint too indefinite to give the defendant information of the essential elements constituting the offense with which he was charged, and also failed to identify the offense, so that he might plead a former acquittal or conviction upon another subsequent prosecution for the same offense, in case one were instituted. In support of this proposition the court cites *Commonwealth* v. *Reily,* 9 Gray (Mass.) 1, where it was held that "a complaint which avers that the defendant 'at Blackstone in the county of Worcester did convey from place to place *within said commonwealth,* intoxicating liquor', in violation of St. 1855, c. 215, §20, does not sufficiently state the places from which and to which the liquor was conveyed." But the same court in *Commonwealth* v. *Hutchinson,* 6 Allen 595, 88 Mass. 595, held that "a complaint for the illegal transportation of intoxicating liquors from place to place in a particular city contains a sufficient description of the place in which the offense was committed." The complaint there charged that the defendant "at the City of Worcester, in said county (of Worcester) did convey certain intoxicating liquors from place to place in said city." In distinguishing that case from that of *Commonwealth* v. *Reily, supra,* the court said that in the *Reily* case it was charged that the "defendant conveyed intoxicating liquor from place to place within the commonwealth", and was bad because too indefinite, but that where it was alleged that it was conveyed from one place to another in a particular town or city, this was sufficient without stating the particular point in the town or city from which or to which it was carried. Other states, under statutes substantially like our own, have held it unnecessary to allege the place from which and the place to which the carrying was done. *Lucchesi* v. *Commonwealth,* 122 Va. 872, 94 S. E. 925; *Maynard* v. *State,* 93 Tex. Cr. Rep. 580, 249 S. W. 473; *Hull* v. *State,* 94 Tex. Cr. Rep. 137, 249

S. W. 1061; *Welchek* v. *State,* 93 Tex. Cr. Rep. 271, 247 S. W. 524. While some few states hold a contrary view, we think reason and the weight of authority is that it is unnecessary to allege the particular place or point from which or to which the liquor was carried. The gist of the offense is the carrying of it. If it be carried any appreciable distance within the county wherein the prosecution is, that would come within the purview of the act. The motion to quash was properly overruled.

Upon a warrant for the search of defendant's house, the officers, on March 9, 1923, found a trunk in the hallway in defendant's home, which, it was shown defendant had a few minutes before caused to be hauled by a "transfer man" from the Cameron railroad depot. The trunk contained intoxicating liquor. The defendant made no objection to their searching the house, but told the officers to go ahead and make the search; they told her they wanted to search the trunk, and asked for the key. She replied that it was not her trunk and that she had no key; whereupon one of them procured an iron bar, pried the trunk open, and found in it a considerable quantity of liquor, wrapped in old clothing, in part consisting of a pair of men's trousers, some quilts and rags.

The defendant testified that she is a widow, and lives in Cameron with her son, aged 26, and two daughters, aged 12 and 15; another daughter, aged 21, for the past three years had been employed in Wheeling, but came home at intervals; she had all her laundry done at home, and sometimes brought it herself, and at other times sent it, sometimes in a suit case and sometimes in her trunk; she had a trunk similar to the one found by the officers; that the day before the search, March 8, 1923, defendant had her daughter's trunk taken from her home by the transfer man to the Cameron station, where she checked it for Wheeling, defendant going there on the noon train; it contained her daughter's clothing and other articles; it was delivered to and left with her daughter. The preceding February, a man by the name of Buffant had called at her home and obtained a room; he stayed about five days; he returned March 7th and engaged the room again, stating he would be back the next day, but defendant told him she was going to Wheeling the next day, but would re-

turn on the 9th, naming the train on which she would come. He met her in the Wheeling station on the morning of the 9th as she was on her way home, handed her a baggage check for a trunk, and requested her to get it for him as business detained him. She took the baggage check and when she arrived at Cameron she had the trunk transferred to her home, but she did not know there was any liquor in it until it was broken open by the officers. She says it did not belong to her or to her daughter. Buffant did not return and has not been seen since. The trunk was exhibited to the jury; also a similar trunk was produced as the trunk belonging to the daughter, and identified by the daughter as hers, and which was brought to her by her mother on March 8th. No witness could or would testify that the trunk in which the liquor was found was the same trunk defendant took with her to Wheeling, but defendant admitted that she caused the trunk which was seized to be taken to her home. Her defense is that it was not her trunk and she had no knowledge that it contained liquor; that she had no intent to violate the law. The point is raised by state's instructions Nos. 1 and 2, given over defendant's objection, and by the refusal of defendant's instructions Nos. 12 and 13. State's instruction No. 1 is as follows:

> "The court instructs the jury that it is a violation of the law for one to carry from one point to another within the county and state as alleged in the indictment any quantity of intoxicating liquors, and if you believe from the evidence in this case beyond a reasonable doubt, that the defendant did transport intoxicating liquors into the town of Cameron, Marshall County, West Virginia, it is your duty to find her guilty."

No. 2 is substantially like No. 1. Both, under the facts admitted by the defendant, were peremptory, directing the jury to find her guilty. They omit the element of guilty knowledge or intent. She says she had no intention to violate the law; that when she carried the liquor, she was wholly ignorant of the fact, and did not intend to do so. Is this a defense under the statute? In *State* v. *Edgell*, 94 W. Va. 198, 118 S. E. 144, and *State* v. *Moore*, 95 W. Va. 604, 122

S. E. 147, we held that in order to convict one of possessing a moonshine still it was necessary to prove that he possessed it for a felonious purpose. In other words, guilty intent is a necessary element of the crime. One might have a still in his physical possession and not know it, or, he might, as we there showed, knowingly have it in his possession for a wholly innocent purpose and with no intention of using it or allowing it to be used in the manufacture of liquor. This would be no crime. So one might carry liquor from one place to another within the state and not be guilty of violating the statute if he did so unwittingly. To hold otherwise would put it in the power of the unscrupulous to make a criminal out of the most careful law-abiding citizen. How easy in a surreptitious manner to slip liquor into another's automobile or travelling bag or clothing! To hold that one so imposed upon without his knowledge or consent, immediately becomes a criminal, would be contrary to every principle of justice. The statute, like that inhibiting the carrying of a revolver without a license should receive a reasonable construction. *State* v. *Underwood*, 89 W. Va. 548, 109 S. E. 609. We are of opinion under the circumstances shown that defendant was entitled to have the question of guilty knowledge or intent submitted to the jury. State's instructions Nos. 1 and 2 should have been so modified, as requested, and defendant's instructions 12 and 13 were improperly refused. They could be put in better form, but they are substantially correct.

One other ground for reversal is urged, and that is that the search was made under an invalid search warrant, and therefore the evidence so obtained should have been rejected. We held the same kind of a warrant valid in *State* v. *Kees,* 92 W. Va. 277, 114 S. E. 617, and numerous cases since. Besides, had there been no search warrant, the evidence feuud on the search would have been admissible, because the defendant testifies that she made no objection, but told the officers to go ahead and search the house.

For the foregoing reasons the judgment will be reversed, the verdict set aside, and defendant awarded a new trial.

*Reversed, and new trial ordered.*