## CHARLESTON.

STATE *v.* GUY T. LEE

(No. 5744)

Submitted May 3, 1927. Decided May 10, 1927.

1.  INTOXICATING LIQUORS—*Criminal Intent is Necessary Constituent of Statutory Offense of Possessing Moonshine Liquor, Refusal to Instruct That Alleged Medicinal Purpose, if Proved, Was Defense, Held Error (Code, c. 32A, § 37).*

    Criminal intent is a necessary constituent of the statutory crime of possessing moonshine liquor, under Sec. 37, Ch. 32A, Code. (p. 633).

    (Intoxicating Liquors, 33 C. J. §§ 192, 547.)

2.  CRIMINAL LAW—*Only Where Primary Evidence is Not Available May Secondary Evidence be Admitted; in Prosecution for Possession Moonshine Liquor, Permitting Justice of Peace to Testify to Former Conviction Without Introducing Prosecuting Attorney's Transcript of Conviction, Where Justice's Docket Was Destroyed, Held Error (Code, c. 32A, § 32).*

    Primary evidence must be produced if available. It is only where primary evidence is not obtainable that secondary evidence may be admitted. (p. 633).

    (Criminal Law, 16 C. J. §§ 1202, 1558.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Guy T. Lee was convicted of possessing moonshine liquor and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Ward Lanham,* for plaintiff in error.

HATCHER, PRESIDENT:

The indictment in this case charged the defendant with the possession of moonshine liquor, and a prior violation of the prohibition laws.

The defendant admitted the possession of the bottle, which in the opinion of witnesses for the State contained moonshine liquor. He testified, however, that he had a sore leg; that a friend named Will Van Horn gave him the preparation in the bottle to use on the sore in the hope of healing it; that he intended to apply it for that purpose; and that he was not aware that it was moonshine liquor.

Instructions were given on behalf of the State which told the jury that possession of moonshine liquor was illegal, and that proof of its possession warranted a conviction. Instructions for defendant were refused which submitted to the jury the question of the knowledge and intent of defendant concerning the contents of the bottle. If defendant's possession of the questionable liquid occurred in the manner narrated by him, then that possession was not criminal. He had the right to have the jury so instructed. The theory of the court in giving State's Instructions 1, 2, 3 and 4, and in refusing defendant's Instructions 9 and 10, was wrong, as "Criminal intent is a necessary element to the statutory crime of possessing moonshine liquor." *State* v. *Lambert,* 100 W. Va. 377.

State's Instruction 5 informed the jury that it might disregard all the testimony of a witness, if it believed such witness had testified falsely as to a material fact. That instruction is objectionable because it fails to limit the words "testified falsely" with some qualifying word such as "willfully", "knowingly" or "corruptly". If the jury believe that a witness is merely mistaken or misinformed as to some material part of his testimony, it is not justified in disregarding all the rest of his testimony, which might be plainly trustworthy. *State* v. *Green,* 101 W. Va. 703 (707).

In attempting to prove the former conviction, the docket of a justice was produced, in which the defendant's name was indexed, but from which the page to which the index

referred was missing. The custodians of the docket could not account for the missing page. The justice before whom defendant had been tried was then permitted to testify from memory of defendant's conviction.

Sec. 32, Ch. 32A, Code, provides that upon a conviction under the prohibition Act, the justice "shall thereupon certify to the prosecuting attorney for filing in his office, a transcript of his docket and the judgment in the case. Such transcript shall be admissible evidence upon the trial of the accused for any second offense alleged in any indictment found and returned against him." By virtue of that statute the prosecuting attorney's transcript of the conviction became primary evidence of equal dignity with the docket of the justice. That transcript was not produced, nor was the failure to produce it explained by the State. Primary evidence must be produced if available. It is only where primary evidence is not obtainable that secondary evidence is admissible. *State* v. *Royal,* 94 W. Va. 617 (621). The verbal testimony as to the conviction was therefore inadmissible.

Error is also charged because the court overruled a motion for continuance. That motion was based on the absence of the defendant's empirical friend, Van Horn. If the case be tried again, the defendant will have the opportunity to secure the witness. A discussion of the motion would therefore be merely academic.

For the foregoing reasons the verdict of the jury will be set aside, the judgment of the lower court reversed, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*