# CHARLESTON.

## STATE *v.* FRANK SYMANSKI

### (No. 5970)

Submitted September 20, 1927.     Decided September 27, 1927.

1. CRIMINAL LAW—JUDGMENT—*Judgment Will Not be Reversed in Court of Error Because Imperfect Instruction Was Given When Clear That Instruction Worked no Prejudice to Excepting Party.*

    A judgment will not be reversed in a court of error because an imperfect·instruction was given when it is clear that the instruction worked no prejudice to the excepting party. Pt. 1, Syl. *Nichols* v. *Ry. Co.,* 62 W. Va. 409. (p. 233.)

    (Criminal Law, 17 C. J. § 3688.)

2. HOLDINGS IN PRIOR CASES APPLIED—

    Pt. 2, Syl., *Wilson* v. *Johnson,* 72 W. Va. 742; pt. 3, Syl., *State* v. *Zink,* 102 W. Va. 619; pt. 4, Syl., *State* v. *Hurst,* 93 W. Va. 222; pt. 2, Syl., *Dransfield* v. *Motor Co.,* 102 W. Va. 370; and Sec. 3, Ch. 32-A, Code, applied. (p. 234.)

    (Criminal Law, 16 C. J. § 3002.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Frank Symanski was convicted of the possession of moonshine liquor, and he brings error.

*Affirmed.*

*Everett F. Moore,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

Frank Symanski was tried in the circuit court of Marshall county upon an indictment charging possession of moonshine liquor and a former conviction under the prohibition statute. The jury acquitted him of the felony but found him guilty of the misdemeanor.

The evidence for the state shows that, armed with a search warrant, several officers went to the home of the defendant. During the search they asked the defendant and his wife to show them their bedroom. Mrs. Symanski took them upstairs to a room which contained, besides the furniture, some women's wearing apparel. Under the bed, covered by the carpet, the officers found a trap door in the floor. They opened this door, and found three jugs of moonshine liquor. The defendant was confronted with the jugs. He stated to the officers that the liquor was his; for them to arrest no one else.

The defendant controverted all of the material evidence of the state except the finding of the liquor at his house. He denied telling the officers that it was his liquor. He denied possession of it. He denied knowledge of it. He denied that the room where it was found was his bedroom and stated that it was occupied by a boarder named Thomas Hasmer. Hasmer arose to the occasion. He struck a noble attitude. He said the room was his; the liquor was his; that defendant knew nothing whatsoever about it, and as for the woman's apparel—why it was merely stored in his room. Other boarders swore as lustily as meager information would permit in support of Hasmer's presentation. But the jury had

no imagination—it would have none of Hasmer in the role of Damon—his gesture was in vain.

In considering the defendants challenge to the sufficiency of the evidence, we must regard the evidence most favorably in support of the verdict. *Wilson* v. *Johnson,* 72 W. Va. 742. Under that rule that verdict finds ample support.

Defendant complains because his instruction No. 7 was not given. The opening line of that instruction informed the jury "that the evidence in this case is wholly circumstantial." Evidence that the defendant admitted owning the liquor prevented the evidence from being *wholly circumstantial,* and the instruction is therefore not applicable to the case.

Error is charged to several of the state's instructions. Number 2 told the jury that the husband is the head of the family, and that moonshine liquor found in his house is presumed to be in his exclusive possession. That instruction is similar to one approved in *State* v. *Zink,* 102 W. Va. 619. Number 3 informed the jury it could disregard all of a witness' testimony if it believed the witness had testified falsely as to a material fact. That instruction is subject to criticism because it fails to limit the words *testified falsely* by some qualifying word, such as *willfully. State* v. *Lee,* 103 W. Va. 631, 138 S. E. 323; *State* v. *Green,* 101 W. Va. 703. The instruction is theoretically imperfect; but as the conviction could not have depended on the belief of the jury that a witness had testified falsely as to *one* material fact, we see no prejudice to defendant in that instruction. Number 5 informed the jury that the accused had a right to testify in his own behalf, and that his testimony could not be arbitrarily rejected, etc. The defendant objects because it directs the attention of the jury especially to his testimony. That instruction was entirely gratuitous on the part of the state, but it properly stated the law. *State* v. *Koski,* 100 W. Va. 98 (101); *State* v. *Hurst,* 93 W. Va. 222.

The trial court refused defendant's offer to show by officer Steppe that he arrested Hasmer after the witness left the stand. That was not error. How could such arrest throw any light on the possession of the liquor found in defendant's house? It was not shown what the arrest was for. Say it

was made for. the same offense with which defendant is charged. Is it error for the state to charge more than one person with the same crime? Most assuredly not.

Before the opening statement was made for the state, counsel for defendant objected to the prosecuting attorney making any reference to defendant's former conviction. The objection was overruled, the reference was made, evidence thereof was introduced, and the ruling of the court thereon is as follows:

> "Gentlemen of the jury, the record in this case, of a former conviction, only shows a plea of guilty entered and upon which there was no judgment of the court, and it is the court's opinion that there could not be a second offense alleged here in the indictment; therefore, that record is stricken from your consideration, and you cannot find this man guilty of a felony, but the court leaves the matter with you as to the misdemeanor, and the motion may be sustained in striking out the record of a former conviction."

In his opening statement the prosecuting attorney referred to the fact that there had been no judgment pronounced in the former case. Defendant contends that because of that information the prosecuting attorney should not have introduced the record of the former conviction. The *conviction* referred to in sec. 3, Ch. 32 A, Code (which imposes a heavier penalty upon conviction of the same person for the second offense, etc.) has been held by this Court to connote the judgment of the trial court on a verdict or a plea of guilty. *State* v. *Savage,* 86 W. Va. 655. But after a second offense is stated in the indictment, the statute specifically makes it the duty of the prosecuting attorney to introduce the record of the first conviction and deprives him of the right to use his discretion in regard thereto. Consequently, the mandate of the statute acquits the prosecuting attorney of any imputation of bad faith.

Counsel contend that the court steadfastly refused to tell the jury that it was not to consider the evidence of the former conviction in passing upon the principal offense charged in

the indictment. Counsel evidently base this contention on the expression "but the court leaves the matter with you as to the misdemeanor." A word more suitable to the purpose than *matter* might have been selected; but as the court unequivocally struck out the evidence of the former conviction, it is apparent that by the word *matter* the court meant *case*, and not *evidence*. It could not strike out and retain the evidence at the same time. Had the court meant *evidence*, it would have used that word or one of its synonyms. *Matter* is not synonymous with *evidence*.

Other alleged errors are set out in defendant's brief. But such errors were not made the subject of a special bill of exceptions or specified in the motion for a new trial. We will treat them as waived. *Dransfield* v. *Boone-Armstrong Motor Co.*, 102 W. Va. 370.

Finding no error prejudicial to defendant, the judgment is

*Affirmed.*