# CHARLESTON.

STATE v. TONY MAZOURIK

(No. 6118)

Submitted January 31, 1928.   Decided February 7, 1928.

CRIMINAL LAW—*In Criminal Prosecutions, Primary Evidence Must be Procured, if Available; in Criminal Prosecutions, Secondary Evidence May be Admitted Only Where Primary Evidence is Not Obtainable.*

Primary evidence must be produced if available. It is only where primary evidence is not obtainable that secondary evidence may be admitted.

(Criminal Law, 16 C. J. § 1202.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Tony Mazourik was convicted of possession of moonshine liquor and of having been formerly convicted of violating the prohibition laws, and he brings error.

*Reversed and remanded.*

*A. L. Hooton* and *D. B. Evans,* for plaintiff in error.

WOODS, JUDGE:

The defendant was found guilty under an indictment charging him with the possession of moonshine liquor, and a prior violation of the prohibition laws. The State made no appearance to this writ.

In an attempt to prove the former conviction, the justice before whom the defendant was alleged to have been arraigned was called and permitted, over objection, to testify concerning the first conviction charged in the indictment, in the absence of his records, which he stated had been misplaced. His testimony was not convincing as to the loss, mutilation or destruction of the record or the adequacy of the search therefor, which is necessary before secondary evidence to establish the existence and contents of such record may be admitted. Then,

under sec. 32, chapter 32A, Code, 1923, the prosecuting attorney is presumed to have had on file a transcript from the justice's docket of the judgment, which, under the statute, is made primary evidence of equal dignity with the docket of the justice. The State did not attempt to produce this transcript, or explain its failure so to do. Not having shown that it had exhausted its resources to supply the record, the evidence of the justice was improperly introduced. *State* v. *Lee,* 103 W. Va. 631; *State* v. *Slat,* 98 W. Va. 448.

Inasmuch as the case must go back for a retrial because of the foregoing error, attention is directed to State's instructions Nos. 1 and 4, which, while stating correct propositions of law, apply to "transporting intoxicating liquor" rather than to "possessing moonshine liquor". The prosecuting attorney evidently confused the offense being tried with the former violation alleged in the indictment. Instruction No. 3 is also open to criticism in that it did not qualify the words "testify falsely" with such words as "wilfully", "knowingly", or "corruptly". *State* v. *Lee, supra.*

The questions relating to the sufficiency of the indictment raised in this Court were not called to the attention of the Court below by demurrer or otherwise, and cannot be considered here.

The judgment is reversed, the verdict of the jury set aside, and a new trial awarded defendant.

*Reversed and remanded.*