## PARDUE MEDICINE COMPANY INC. *et al.* v. PARDUE *et al.*

BELL, Justice. 1. Since passage of the uniform procedure act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition is not subject to general demurrer on the ground that the plaintiff has an adequate remedy at law, if it states a cause of action for either legal or equitable relief. Code, §§ 37-901, 37-907; *Teasley* v. *Bradley,* 110 *Ga.* 497 (4) (35 S. E. 782, 78 Am. St. R. 113); *Artega* v. *Artega,* 169 *Ga.* 595 (2 c) (151 S. E. 5); *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867 (1 b) (115 S. E. 801); *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 463 (192 S. E. 191).

2. Nor is the petition in such case otherwise subject to a general demurrer assailing it as a whole, if it is good in substance for any part of the relief sought, either legal or equitable. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 323); *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53).

3. Where property owned by one at the time of his death is set apart to his minor children as a year's support, the title thereto vests in such children share and share alike, and a child's arrival at majority does not divest his or her legal interest. Code, § 113-1006; *Walden* v. *Walden,* 191 *Ga.* 182 (12 S. E. 2d, 345). It follows that where property, after being so set apart to minor children, is taken and converted by other persons, a suit to recover the same or its value should be brought in the name of such children; and this is true regardless of whether they sue by guardian or next friend, or without representation. Code, § 3-109; *Oliver* v. *McDuffie,* 28 *Ga.* 522; *Jack* v. *Davis,* 29 *Ga.* 219 (2); *Johnson* v. *James,* 41 *Ga.* 597; *Wood* v. *Haines,* 72 *Ga.* 189; 25 Am. Jur. 93, 95, §§ 149, 152; 28 C. J. 1259, § 432.

4. The office of guardian of a minor expires by operation of law on arrival

of the minor at majority, and no order severing the relationship is necessary. *Lasseter* v. *Simpson,* 78 *Ga.* 61 (3 S. E. 243); *Phillips* v. *Taber,* 83 *Ga.* 565 (7) (10 S. E. 270); *Harvey* v. *Atkinson,* 100 *Ga.* 178 (28 S. E. 31); *Georgia Railroad Bank & Trust Co.* v. *Liberty National Bank & Trust Co.,* 180 *Ga.* 4 (2) (177 S. E. 803). Nor is a suit in the name of a minor by another person as next friend subject to general demurrer because it was not brought by a guardian, even though it may appear that the minor had a guardian at the time the suit was filed. Code, §§ 3-115, 37-1003, 49-111; *Sanders* v. *Hinton,* 171 *Ga.* 702 (156 S. E. 812); *Dent* v. *Merriam,* 113 *Ga.* 83 (38 S. E. 334).

(*a*) Accordingly, the instant action as instituted in the names of two children to whom property had been set apart as a year's support, one suing in her own name without representation after arrival at majority, and the other who was still a minor suing by the former as next friend, was not subject to attack as a whole on the grounds that the right of action, if any, was in the guardian and not in the wards, and that the petition failed to allege that the guardian refused to sue. *May* v. *Jones,* 88 *Ga.* 308 (4) (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154); *Howard* v. *Edwards,* 89 *Ga.* 367 (2) (15 S. E. 480); *Carson* v. *Fears,* 91 *Ga.* 482 (3) (17 S. E. 342); *George* v. *Georgia Power Co.,* 43 *Ga. App.* 596 (5) (159 S. E. 756).

(*b*) Whether or not the petition might have been subject to a special demurrer attacking it separately as to the minor, no such demurrer was filed. See *LaGrange Mills* v. *Keener,* 121 *Ga.* 429 (3) (49 S. E. 300); *Stanley* v. *Stanley,* 123 *Ga.* 122 (51 S. E. 287).

5. Under the preceding rulings, the allegations of the amended petition were sufficient to state a cause for recovery of personalty or its value, as against the demurring defendants. Whether it may have shown a cause for other relief, either legal or equitable, need not be determined, no particular allegation or prayer having been challenged. *Hartsfield Co.* v. *Willis,* 192 *Ga.* 219 (2) (14 S. E. 2d, 735).

6. Nor was the petition defective for misjoinder or nonjoinder of plaintiffs or defendants, as contended in any of the grounds of special demurrer *as taken.* In connection with these grounds of demurrer, see *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867 (3), 872 (supra).

7. The court did not err in overruling the demurrer on all grounds.

*Judgment affirmed. All the Justices concur.*

No. 14172. September 22, 1942.

520

*John H. Strother* and *J. Wightman Bowden,* for plaintiffs in error.

*Helen Douglas Mankin* and *Grover Middlebrooks,* contra.