# CHARLESTON.

STATE *v.* J. O. BOGGS

(No. 5857)

Submitted May 3, 1927.      Decided May 10, 1927.

1. INDICTMENT AND INFORMATION—*Immaterial Surplus Matter in Indictment Charging Offense in Language of Statute May be Disregarded; Allegation in Indictment for Carrying Liquor Into State That it Was Carried for Certain Person May be Disregarded as Surplusage (Code, c. 32A, § 31).*

    Immaterial surplus matter in an indictment which charges an offense in the language of the statute may be disregarded. (p. 644).

    (Indictment and Informations, 31 C. J. § 300.)

2.  CRIMINAL LAW—*Commission of Act Forbidden by Statute Will be Presumed to Have Been With Criminal Intent, it Being for Accused to Rebut Such Presumption.*

    The commission of an act made unlawful by statute will be presumed to have been done with criminal intent, and it is for the accused to rebut such presumption.    (p. 645).

    (Criminal Law, 16 C. J. § 48.)

3.  SAME—*Trial Court's Discretion in Ruling on Propriety of Argument to Jury Will Not be Interfered With on Appeal, Unless on Showing of Manifest Injustice.*

    The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom.    (p. 646).

    (Criminal Law, 17 C. J. § 3586.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Gilmer County.

J. O. Boggs was convicted of carrying intoxicating liquor into the State, and he brings error.

*Affirmed.*

*R. F. Kidd* and *J. D. Jones,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The defendant was convicted on an indictment charging that he "within one year next preceding the finding of this indictment in the county aforesaid, did unlawfully bring and carry into this State and carry from one place to another within the State, for another, to-wit, for one Fred D. Lance intoxicating liquors, he the said J. O. Boggs, not then and there being a common carrier, for hire, carrying pure grain alcohol and wine," etc.

From the evidence, in which there is no conflict on any material fact, it appears that the defendant and the State's witness Jack Rogers, in defendant's automobile, were traveling on the public road, when they were accosted by a man

carrying a feed sack containing some bundles, who asked if he might ride in the car. The defendant said "Climb in;" and the man got into the car. Rogers testified that the man was Turk Lance. Lance produced from among the bundles in the bag a half a gallon jar of moonshine liquor, while the defendant was out of the car getting a drink of water from a spring near the road. Lance and Rogers each took a drink from the jar. Rogers testified that when defendant came back to the car, Lance offered him a drink, "and somebody came along in a car, so he didn't take a drink of liquor at that time; he drove out across a little branch and stopped, and Mr. Boggs took a drink, and, as well as I recollect, between there and somewhere up along there, took another drink, and came on down to Glenville here and got something to eat in a restaurant and went out here about the top of the hill and they took another drink." Defendant says he at first declined, and drove on "quite a bit"; but afterwards did take two or three drinks, which made him "very sick", because he was not in the habit of drinking. He admits that he must have been intoxicated.

Counsel for defendant argues that there is a variance between the facts alleged in the indictment and the proof; that the indictment alleges the liquor was carried for one Fred D. Lance, while the State's evidence tends to show the passenger's name was Turk Lance, and that defendant proved his real name was Arch D. Lance.

Section 31 of chapter 32-A of the Code provides that: "It shall be unlawful for any person to bring or carry into the State or carry from one place to another within the State, or to have or carry in or on any passenger train or other vehicle or conveyance, in any manner whatsoever, whether in his personal baggage or otherwise, any quantity of intoxicating liquors, whether such liquors are intended for personal use or any other purpose." Under the statute it is immaterial for whom the accused carries the liquor. The carrying is the offense. Therefore, the allegation in the indictment that the liquor was carried for Fred D. Lance is surplusage.

"An indictment, which charges an offense in the language

of the statute, will not be held bad because it contains surplus matter.'' *State* v. *Hall*, 26 W. Va. 236; *State* v. *Lusk*, 16 W. Va. 767. The surplus matter in the indictment in this case could not have prejudiced the defendant. It is admitted that he carried a man by the name of Lance in his automobile, and that Lance had the liquor in his possession, to the defendant's knowledge.

It is contended that the State failed to prove intent, citing our cases of *State* v. *Lambert*, 100 W. Va. 377; *State* v. *Edgell*, 94 W. Va. 198; *State* v. *Moore*, 95 W. Va. 604; *State* v. *Cirrillo*, 96 W. Va. 253, and *State* v. *Lough*, 97 W. Va. 241, for the proposition that criminal intent is a necessary element to the statutory crime of possessing moonshine liquor. In those cases the trial court either withdrew from the jury the question of intent by instructing them that if they believed from the evidence the defendant had in his possession the still, moonshine liquor or mash, as charged in the respective indictments, they should find him guilty, or refused instructions on the question of intent, where there was evidence of innocent or lawful possession, as in the *Lough case*, where there was no evidence that defendant knew there was liquor in the trunk belonging to her boarder, which she checked for him on her railroad ticket from Wheeling to Moundsville, and had carted from the railroad station to her home where he roomed, or in the *Lambert* case, in which the defendant, a physician, testified that he had taken the liquor from a patient who appeared to be suffering from the effects of poison, to send it to a laboratory for analysis. Here there is no evidence to excuse defendant's act, on which to base an instruction, if one had been offered. He knew he was carrying the liquor, for he drank of it at two or three different points along the route. What other evidence of intent is necessary than the use he and his companions were making of the moonshine liquor? This is a case where the act itself and not the result of the act, is the offense. And when acts which are not *mala in se* are made *mala prohibita* from motives of public policy and not because of their moral turpitude or the criminal intent with which they are committed, it is not

necessary to prove criminal intent. *State* v. *Cain,* 9 W. Va. 559; *State* v. *Baer,* 37 W. Va. 1; *State* v. *Pennington,* 41 W. Va. 599.

The rule that the state need not prove criminal intent where a prohibited act is committed by the accused is not in conflict with the decisions in the recent cases above cited holding that intent is a necessary element of the statutory offenses there under consideration; for in such a case the defendant may by evidence excuse or justify the alleged unlawful act charged. That was the issue in those cases; and it was held that the question of intent should have been submitted to the jury by proper instructions. The error in the trial of those cases was the action of the trial court in withdrawing from the jury the question of intent, when there was evidence of justification or legal excuse. "The general rule is that, if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, and it is for the accused to rebut this presumption. The act of itself is evidence of the intent." 16 C. J. 81. "Where an act in itself indifferent, if done with a particular intent becomes criminal; there the intent must be proved and found; but where the act is in itself unlawful * * * the proof of justification or excuse lies on the defendant; and in failure thereof, the law implies a criminal intent." *Rex* v. *Woodfall,* 5 Burr. 2661, 2667, 98 Reprint, 398 (per Lord Mansfield).

Error is assigned in the refusal of the trial court to instruct the jury to disregard the following remarks made by the prosecuting attorney in his closing argument to them: "If you would follow and listen to what these two attorneys say, you would be ashamed to live in Gilmer County." It does not appear what had been said by the attorneys referred to. The trial court heard all of the arguments made by counsel for the State and for the defendant. Counsel necessarily have great latitude in argument before the jury; and the discretion of the trial court in ruling on the propriety of such argument will not be interfered with by the appellate court unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted

therefrom. *State* v. *Clifford,* 58 W. Va. 681; *State* v. *Shawn,* 40 W. Va. 1; *State* v. *Allen,* 45 W. Va. 65; *Cavender* v. *Ice Cream Company,* 101 W. Va. 3. From this single statement of the prosecuting attorney we can not tell to what it applied, nor determine that it prejudiced the defendant in the minds of the jury.

The judgment will be affirmed.

*Affirmed.*