LINDA BOURNE

*v.*

JAMES G. MOONEY

(No. 14008)

Decided May 22, 1979.

*Philip T. Lilly, Jr.*, for appellant.

*Billy E. Burkett* for appellee.

CAPLAN, CHIEF JUSTICE:

Linda Bourne, the owner of a 1971 Datsun automobile, and James G. Mooney, the owner of a 1963 Chevrolet automobile, were involved in an automobile accident in Mercer County, West Virginia on July 10, 1973. Subsequently, Linda Bourne instituted an action against James Mooney seeking recovery of damages for personal injuries and property damage. A trial by jury was had and the jury returned a verdict for the defendant. Upon the court's refusal to set aside the verdict the plaintiff prosecuted this appeal. We affirm.

The collision occurred on a narrow wet road, the paved portion of which was twelve feet in width. A two to three foot berm was situate on each side of the road. A state trooper who investigated the accident testified as to various measurements taken at the scene and as to the positions of the involved vehicles. He related that the left front end of the Bourne vehicle was six feet from the left berm or near the center of the paved por-

tion of the highway. Further, he related that the left rear of the Bourne vehicle was three feet from the left hand edge of the paved portion of the roadway. The Mooney vehicle, as described by the trooper, was to the left of the center of the paved portion of the highway, the right front wheel being six feet from the right edge of the roadway and the right rear wheel being five feet from the right edge of the road. The Mooney vehicle left skid marks of approximately twenty-four feet while the skid marks of the Bourne vehicle were approximately twelve feet in length.

The collision occurred in a fairly sharp curve, the Bourne vehicle turning to the left and the Mooney vehicle to the right. The plaintiff testified that as she approached this curve to the left she slowed down and positioned both of her right wheels off onto the right berm and that the defendant vehicle skidded across the road and hit her head-on. Mooney testified that as he approached the curve he had reduced his speed and just as he had started into the curve he "met Mrs. Bourne, and we had a head-on accident". He further testified that both his vehicle and the vehicle of the plaintiff were on the paved portion of the road.

Contending that the judgment of the lower court should be reversed, the plaintiff asserts as her principal assignment of error that the undisputed physical facts establish without contradiction that the point of impact occurred on her side of the road, necessarily revealing negligence on the part of the defendant. Considering all of the testimony it is established that the roadway is only twelve feet wide and that it would be highly improbable for two cars to pass one another without each vehicle pulling partially onto the berm. There is testimony that both cars were on the paved portion of the roadway after the collision and that the jury could have reasonably concluded that neither car pulled off the highway onto the berm. The fact that one car was farther to the left of center than the other certainly does

not establish liability. In this circumstance both could be negligent and, if so, neither could recover.

The evidence in this case is conflicting as to the respective positions of the vehicles on the roadway at the time of the collision. It has long been established that where the evidence is conflicting, or where reasonable men may draw different conclusions from the facts presented, questions of negligence and contributory negligence are for jury determination. *Jividen v. Legg*, \_\_\_\_ W. Va. \_\_\_\_, 245 S.E.2d 835 (1978); *Burgess v. Patsy Jefferson, et al.*, \_\_\_\_ W. Va. \_\_\_\_, 245 S.E.2d 626 (1978); *Cook v. Harris*, \_\_\_\_ W. Va. \_\_\_\_, 225 S.E.2d 676 (1976); *Simmons v. City of Bluefield*, \_\_\_\_ W. Va. \_\_\_\_, 225 S.E.2d 202 (1976); *Abdulla v. Pittsburgh and Weirton Bus Co.*, \_\_\_\_ W. Va. \_\_\_\_, 213 S.E.2d 810 (1975); *Kretzer v. Moses Pontiac Sales, Inc.*, \_\_\_\_ W. Va. \_\_\_\_, 201 S.E.2d 275 (1973); *Shields v. Church Brothers, Inc.*, 156 W. Va. 312, 193 S.E.2d 151 (1972).

Also, this Court has frequently held that it is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses is conflicting and that the finding of the jury upon such facts will not ordinarily be disturbed by the court. *Long v. City of Weirton*, \_\_\_\_ W. Va. \_\_\_\_, 214 S.E.2d 832 (1975); *Hall v. Nello Teer Co.*, \_\_\_\_ W. Va. \_\_\_\_, 203 S.E.2d 145 (1974); *Young v. Ross*, \_\_\_\_ W. Va. \_\_\_\_, 202 S.E.2d 622 (1974); *Wager v. Sine*, \_\_\_\_ W. Va. \_\_\_\_, 201 S.E.2d 260 (1973); *Willey v. Travelers Indemnity Co.*, 156 W. Va. 398, 193 S.E.2d 555 (1972); *Yeager v. Stevenson*, 155 W. Va. 16, 180 S.E.2d 214 (1971); *Sydenstricker v. Vannoy*, 151 W. Va. 177, 150 S.E.2d 905 (1966).

From the testimony presented during the trial, reasonable men could easily draw different conclusions. There was evidence from which the jury could have reasonably concluded that Mrs. Bourne was guilty of contributory negligence. The physical evidence, that is, the position of the vehicles after the collision, was not determinative of the cause of the impact and it was entirely within the province of the jury to make that determina-

tion. From the disputed testimony it could have found that the defendant was not guilty of negligence; it could have found that the defendant was guilty of primary negligence; or, that the plaintiff was guilty of contributory negligence. In the circumstances of this case, it clearly was the duty of the jury to make the determination as to fault. It returned a verdict for the defendant and we cannot say that the jury was clearly wrong.

Where the evidence is conflicting and the case is fairly tried under proper instructions the jury verdict will not be set aside unless it is plainly contrary to the weight of evidence or is without any evidence to support it. *McDonald v. Beneficial Standard Life Ins. Co.,* _____ W. Va. _____, 235 S.E.2d 367 (1977); *Hopkins v. Grubb,* _____ W. Va. _____, 230 S.E.2d 470 (1977); *Sydenstricker v. Vannoy,* 151 W. Va. 177, 150 S.E.2d 905 (1966); *Payne v. Kinder,* 147 W. Va. 352, 127 S.E.2d 726 (1962); *Overton v. Fields,* 145 W. Va. 797, 117 S.E.2d 598 (1960); *Laslo v. Griffith,* 143 W. Va. 469, 102 S.E.2d 894 (1958); *Wilson v. Edwards,* 138 W. Va. 613, 77 S.E.2d 164 (1953).

For the reasons stated herein the judgment of the Circuit Court of Mercer County is affirmed.

*Affirmed.*