401 S.E.2d 222

**Charles B. HEWETT**

v.

**Carole L. FRYE, Administratrix of the Estate of Curtis W. Frye.**

**No. 19101.**

Supreme Court of Appeals of West Virginia.

Dec. 17, 1990.

Lawrence M. Schultz, D. Michael Burke, Askin, Pill, Scales & Burke, L.C., Martinsburg, for Charles B. Hewett.

Gray Silver, III, Steptoe & Johnson, Martinsburg, for Carole L. Frye.

PER CURIAM:

This is an appeal by Charles Hewett from a final order of the Circuit Court of Berkeley County entered on June 2, 1988. The appellant contends that the trial court erred 1) by refusing to grant his motion for a new trial based upon inadequacy of the verdict and 2) by sustaining the objections made by counsel for the appellee during the closing argument on behalf of the appellant. We disagree with the appellant's contentions and affirm the decision of the circuit court.

## I.

The appellant was injured on July 27, 1984, when the automobile he was operating was struck by an automobile driven by Curtis Frye. Mr. Frye, who was the son of the appellee Carole Frye Moats, was fatally injured in the collision.

In a civil action instituted on behalf of the appellant against Carole Frye Moats, as administratrix of the estate of Curtis Frye, liability was admitted, and the trial proceeded exclusively on the issue of damages. The jury returned a verdict for the appellant in the amount of $25,012.93. With prejudgment interest added, the appellant's award totaled $29,548.60.[1]

## II.

The appellant's first assignment of error raises issues concerning the adequacy of

---

**1.** The jury verdict was allocated as follows:

| | | |
|---|---|---|
| Medical Specials | | $11,712.93 |
| Pain and Suffering | | 5,000.00 |
| Lost Income | | 2,300.00 |
| Mental Anguish | | –0– |
| Futures | | 6,000.00 |
| Exemplary Damages | | –0– |
| Prejudgment Interest on Lost Income | | 729.78 |
| Additional Prejudgment Interest | | 3,805.89 |
| | | $29,548.60 |

the jury verdict returned in favor of the appellant. The appellant contends that the verdict was inadequate as a matter of law because it failed to award the appellant damages in the specific amount proved by uncontroverted evidence and because it failed to award any amount for mental anguish.

The appellant introduced evidence showing that he had sustained the loss of eight teeth, a broken foot, broken toes, muscle damage in his lower legs, and various back and neck injuries. Of the $16,940.00 in medicals presented, the appellee directly controverted $4,234.00 in chiropractic expenses and $770.00 in expenses related to psychological treatment for depression undergone by the appellant at Eastern Panhandle Mental Health Center. The appellee disputed the chiropractic and mental health facility treatment as being unrelated to the auto accident in question. Thus, only $11,936.00 in medical damage was proved by uncontroverted evidence. The jury awarded $11,712.93, approximately $223.00 less than the amount presented as uncontroverted medical damages.

In syllabus point 1 of *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983), we explained that "[i]n an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant." Moreover, we specifically enunciated the standards by which the adequacy of a damage award will be reviewed in *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977). Under the typology developed in *Freshwater,* the present case is a Type 1 case wherein liability is admitted and the sole issue for resolution by the jury is damages. In such case, this Court's function is to determine whether the damages awarded by the jury "are inadequate even when viewed most strongly in favor of the defendant." *Freshwater,* 160 W.Va. at 160, 233 S.E.2d at 315. As we recognized in syllabus point 3 of *Kaiser,* " '[w]here a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffer-

ing, the verdict is inadequate and will be set aside. *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967).' *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239, 243 (1976)."

In *Kaiser,* we encountered a situation similar to the one presented in this case. Special damages had been contested by the appellees in *Kaiser* on the ground that there was no substantial causal relationship between the appellee's negligence and the injury allegedly sustained. We stated that resolution of such contested issues was within the province of the jury, and that the "judgments brought by the jury evidently represented their resolution of this conflict." *Kaiser,* 173 W.Va. at 549, 318 S.E.2d at 599.

Similarly, in the present case, the jury heard all evidence presented on the issue of medical damages. It then returned a verdict which very closely approximated the amount of uncontroverted medical damages presented. Unless its verdict is clearly inadequate when viewed most strongly in favor of the defendant and as it reflects elements of damages specifically proved in uncontroverted amounts, we cannot set it aside. *Id.* 173 W.Va. at 550, 318 S.E.2d at 600; *King,* 160 W.Va. at 137, 231 S.E.2d at 243 (1976); *Hall,* 151 W.Va. at 461, 153 S.E.2d at 172. We conclude that the jury award of medical damages was not inadequate when the evidence is viewed most strongly in favor of the appellee. We fail to perceive any reversible error by the lower court in refusing to grant a new trial.

The appellant also contends that the jury verdict was inadequate because it failed to award any damages for mental anguish. The jury did, however, award $5,000.00 in damages for pain and suffering. The appellant contends that the award for pain and suffering is insufficient to adequately compensate him for the mental fear, distress, and anguish suffered during his entrapment in his automobile directly after the collision. He also alleged that he suffered nightmares and other mental disturbances as a result of that experience.

Once again, we must stress that the evidence is to be viewed most strongly in favor of the defendant in an appeal from an allegedly inadequate damage award.

*Kaiser,* 173 W.Va. at 550, 318 S.E.2d at 600. An award for mental anguish is necessarily based upon a subjective evaluation by the jury of the injured individual and the evidence he presents. Likewise, an award for pain and suffering is necessarily based upon similar intangible and subjective evaluations. Thus, no mathematical calculation can be employed to determine an award for mental anguish or pain and suffering. *See, e.g., Sargent v. Malcomb,* 150 W.Va. 393, 400, 146 S.E.2d 561, 566 (1966). Such awards must remain within the discretion of the jury, and their review upon appeal must be limited to the narrow question of whether the verdict was clearly inadequate. As we have consistently stated, a jury verdict must include elements of damage proved in uncontroverted amounts and a "substantial amount as compensation for injuries and the consequent pain and suffering...." *Kaiser,* 173 W.Va. at 549, 318 S.E.2d at 599, Syl. Pt. 3.

The jury in the present case awarded $5,000.00 to the appellant for pain and suffering. Viewed most strongly in favor of the appellee, the evidence permits a conclusion by the jury that the appellant's psychological and mental disturbances were not causally related to the accident. The appellee elicited testimony from the appellant's mental health practitioner indicating that the appellant's weight problems and lack of confidence contributed substantially to his depression. Furthermore, the appellant did not seek mental health treatment until approximately two years after the accident in question. Consequently, we cannot conclude that the jury's failure to award damages for mental anguish renders the verdict inadequate as a matter of law.

### III.

The appellant also contends that the trial court erred by sustaining objections made by counsel for the appellee during the closing argument on behalf of the appellant. During his closing argument, counsel for the appellant made the following statement: "Physical pain and suffering, I would suggest to you between $50,000.00 and $100,000.00. Didn't you think—remember that 15 seconds I stopped, you remember the pain, the pain he has had for over 1,000 days since that accident."

Although no specific objection was made, counsel for the appellee made a general objection to the statement, apparently on the basis that the statement came dangerously close to a per diem argument. The lower court sustained the objection and stated, in its Order denying the appellant's Motion for a New Trial, that counsel for the appellant was "too close to a per diem argument in his closing argument after two days of trial...."

The appellant now contends that the lower court's ruling sustaining the objection misled the jury into believing that appellant's counsel was incorrect when he said that the appellant had suffered for 1,000 days since the accident. During trial, however, appellant's counsel did not allege a possible misunderstanding by the jury of the basis for the court having sustained the objection. It is only upon appeal that he has alleged a possible misapprehension by the jury based upon the objection made and the court's ruling sustaining that objection. "The fundamental purpose of an objection to evidence is to bring to the court's attention potentially inadmissible evidence so that the court may make a ruling on the question." *Wimer v. Hinkle,* 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989). Failure to make timely objections forecloses appellate consideration of the question. *See, e.g., Wimer,* 180 W.Va. at 663, 379 S.E.2d at 386; W.Va.R.Evid. 103(a)(1). If an objection had been made below, the lower court could have clarified any potential misapprehension. Furthermore, a review of the appellant's full closing argument suggests strongly that no such misapprehension occurred, as there was ample argument in support of damages for pain and suffering and/or mental anguish.

We specifically addressed the issue of per diem arguments in *Crum v. Ward,* 146 W.Va. 421, 122 S.E.2d 18 (1961). In syllabus point 5 of *Crum,* we stated: "In an action for damages for personal injuries, an argument of counsel to the jury based on a mathematical formula, or fixed-time

basis, suggesting a money value for pain and suffering, is not based on facts, or reasonable inferences arising from facts, before the jury, and constitutes reversible error." In *Crum,* counsel for the plaintiff specifically suggested a formula to be employed by the jury in calculating damages for pain and suffering. We held that providing such a precise formula was impermissible. *Id.* 146 W.Va. at 437, 122 S.E.2d at 27.

We again addressed the per diem argument in *Ilosky v. Michelin Tire Corp.,* 172 W.Va. 435, 307 S.E.2d 603 (1983). In *Ilosky,* counsel had specified the time period which had elapsed from injury to trial and had provided the jury with the plaintiff's life expectancy. He did not, however, specifically provide a mathematical formula or monetary value to be employed. We held that counsel's statements did not constitute a per diem argument. 172 W.Va. at 447–448, 307 S.E.2d at 616.

■ In the present case, as in *Ilosky,* counsel for the appellant did not specifically advance a mathematical formula or suggest a calculation or monetary figure to be employed by the jury in determining an amount per day to be awarded. In presenting his argument, however, counsel for the appellant did suggest a fifteen-second interval of pain and a period of 1,000 days. While counsel's argument cannot be strictly construed as a per diem argument, it does come extremely close to such an argument. The trial court's ruling sustaining the objection to that line of reasoning simply prevented the potential of a mistrial based upon the use of a per diem argument and served merely as a warning to counsel for the appellant that such argument

should be avoided. " ' "The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Syllabus point 3, *State v. Boggs,* 103 W.Va. 641, 138 S.E. 321 (1927).' Syl. Pt. 9, *State v. Flint,* 171 W.Va. 676, 301 S.E.2d 765 (1983)." Syl. Pt. 2, *State v. Bennett,* 183 W.Va. 570, 396 S.E.2d 751 (1990). We find no error in the trial court's ruling sustaining the objection. Nor do we find prejudice or manifest injustice created by the ruling.

The appellant also contends that the trial court erred in sustaining an objection to a statement in which appellant's counsel, during closing argument, referred to Carole Frye Moats by name rather than in her capacity as administratrix and stated that she was not responsible for the debts of her child.[2] While no specific grounds for the objection were stated, counsel for the appellee made a general objection to that statement, apparently on the grounds that the remark led the jury to believe that any damages would be paid by insurance or some secondary source other than Mrs. Moats personally. The objection was sustained.

The appellant now contends that the trial court erred by prohibiting him from informing the jury that Mrs. Moats was not personally responsible for the debts of her deceased son. Counsel for the appellant apparently deemed this line of argument necessary in order to counter arguments made by counsel for the appellee which allegedly insinuated that Mrs. Moats was personally liable for the debts of her son.[3]

**2.** Specifically, counsel for the appellant stated the following: "Mrs. Moats is here.... I don't know why she's here. It's her choice ... [S]he is the Administratrix of the estate; she is not responsible for the acts of her adult children; she is not responsible for their deaths." [The last word was later changed to debts.]

**3.** The appellant contends that the following excerpts of appellee's counsel's closing argument led the jury to believe that Mrs. Moats was personally responsible for the debts of her son:

Now, let's review what injuries, treatments and costs Mrs. Moats told you in the begin-

ning were caused by the accident, she did not dispute, she still does not dispute and she feels she should pay Mr. Hewett.

... I would submit that they're not that certain and Mrs. Moats in trying to be fair based on the evidence says that if I'm to pay futures, I think that it should be in the range of about $5,000.00 for that right foot because that is a problem for the young man.... Let's review what injuries, treatment and costs Mrs. Moats told you in the beginning that she believed that evidence would show were not caused by the accident that she disputed and did not feel that she should have to pay....

He contends that the court's ruling sustaining the objection suggested to the jury that Mrs. Moats was indeed personally responsible for the debts of her son and that such misconception inflamed the jury in favor of Mrs. Moats. Once again, however, counsel for the appellant did not make a record of his concerns at trial.

The appellant compares this case with one in which reference is made to a defendant's insurance protection and contends that counsel for the appellee deliberately attempted to lead the jury to believe that the appellee was personally responsible for the debts of the estate of her deceased son. Again, appellant's counsel made no such specific objection to those statements at trial.

As we have consistently stated, a jury should not in any manner be informed of the insured or uninsured status of a defendant. Syl. Pt. 2, *Graham v. Wriston*, 146 W.Va. 484, 120 S.E.2d 713 (1961) *overruled on other grounds, Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). "A remark clearly implies that a defendant is protected or unprotected by insurance if it otherwise has no relevancy to any issue properly raised in the case, or if its repetition exceeds the bounds of proper, enthusiastic advocacy." Syl. Pt. 5, *Kaiser*, 173 W.Va. at 549, 318 S.E.2d at 599.

In the present case, reference was made to the administratrix of the estate by name rather than in her capacity as administratrix, and reference was also made to her lack of responsibility for the debts of her son. Because those remarks were made by counsel for the appellant in response to statements made by counsel for the appellee, we find that the remarks did have conceivable relevancy to a proper issue in the case and should not be deemed to have constituted an apprisal to the jury of the insured or uninsured status of any party. Once again, however, the trial court sustained an objection to this argument in order to prevent its development into a statement regarding insurance or other means of transference of personal financial responsibility. Again, we must emphasize that " ' "[t]he discretion of the trial court in

ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Syllabus point 3, *State v. Boggs*, 103 W.Va. 641, 138 S.E. 321 (1927).' Syl. Pt. 9, *State v. Flint*, 171 W.Va. 676, 301 S.E.2d 765 (1983)." Syl. Pt. 2, *Bennett*, 396 S.E.2d at 753. We fail to perceive any prejudice or manifest injustice created by the court's ruling in this matter.

For the foregoing reasons, the judgment of the Circuit Court of Berkeley County is affirmed.

Affirmed.