505 S.E.2d 206

**Clarence FRYE, et al., Plaintiffs
Below, Appellees,**

v.

**KANAWHA STONE COMPANY, INC.,
Defendant Below, Appellant.**

No. 24486.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 18, 1998.

Decided July 2, 1998.

Donald C. Wandling, Logan, for Appellees.

Mary H. Sanders, James C. Stebbins, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Appellant.

## PER CURIAM:[1]

This case is before this Court upon the appeal of Kanawha Stone Company, Inc., from a January 7, 1997, order of the Circuit Court of Logan County, which rejected appellant's motion for new trial. Appellant assigns as error both the trial court's denial of appellant's motion for directed verdict and the trial court's failure to grant a new trial. Appellant requests that this Court enter judgment for the appellant or remand the case with instructions for a new trial. For the reasons stated below, the decision of the circuit court is affirmed.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

I

Clarence Frye and his wife, Barbara, own a home in Mt. Gay, West Virginia, located near U.S. Route 119. In 1992 and 1993, construction occurred near their home during the upgrading of that highway into Appalachian Corridor G.

As part of that construction, blasting operations had to be conducted in the vicinity of the Frye home. One of the companies performing blasting activity on the Corridor G project was Kanawha Stone Company, Inc. (hereinafter "Kanawha Stone"), of Nitro, West Virginia. Its blasting operations continued on an intermittent basis from late 1992 until at least June 1993.

On May 25, 1993, Kanawha Stone detonated an explosive shot at a site 962 feet from the Frye home. The blast, like most large explosions, rattled windows and cabinets in the Frye home and in other homes in the Fryes' neighborhood. Mr. Frye had a habit of going out after each large detonation to inspect for damages to his property, due to the proximity and severity of the blasting. On this occasion, he claimed that numerous cracks suddenly appeared in the mortar joints and blocks of his home's cinder block walls. Mr. Frye also testified that he had complained to Kanawha Stone's on-site employees concerning the damages which he had suffered.

The Fryes subsequently filed suit against Kanawha Stone, alleging that its blasting operations had caused extensive damages to their home, specifically numerous cracks and fractures within the blocks and in the mortar joints. On September 30 and October 1, 1996, trial took place on the charges that Kanawha Stone's blasting had damaged the home.

At trial, the Fryes introduced as corroborating witnesses various neighbors who had observed the cracks. One witness stated that Mr. Frye had had to point out some of the cracks to him, but the witness had noticed other cracks on his own while passing by the Frye home. Another witness testified that he had helped at the last painting of the house in 1992 and that he was certain that these cracks were not present at that time.

Kanawha Stone introduced, as proof of its lack of culpability, testimony from its owner, Art King. Mr. King stated that Kanawha Stone kept a seismographic record of soil vibration on each of its blasts and that the soil vibration, as measured by their seismograph on this particular blast, was well below any state imposed limits. Kanawha Stone also introduced the testimony of James Ludwiczak, a Kentucky blasting specialist, who testified that the vibrational level recorded by Kanawha Stone's seismograph on May 25, 1993, was insufficient to cause any damage to the Frye house. Mr. Ludwiczak also produced photographs which he had taken on a visit to the Frye home in December 1995 and stated that these showed that the cracks contained paint and, thus, that the cracks were present when the house was last painted in 1992. Plaintiffs disputed this and introduced photographs which they claimed accurately depicted the cracks in the home.

On October 1, 1996, the jury returned a verdict in favor of the Fryes for twenty thousand dollars, allocating ten thousand dollars for costs and repairs and ten thousand dollars for annoyance and inconvenience. Kanawha Stone then filed a motion for new trial asserting several assignments of error. Upon refusal of this motion, Kanawha Stone appealed, assigning as error the trial court's denial of its motion for directed verdict.

II

■ Appellant's motion for directed verdict maintains that the plaintiffs failed to proffer evidence sufficient to establish a prima facie case. We disagree.

■ Appellant admits that the standard we set forth in Syllabus Point 1 of *Whitney v. Ralph Myers Contracting Corp.*, 146 W.Va. 130, 118 S.E.2d 622 (1961), controls. More particularly, as we held in *Moore, Kelly & Reddish, Inc. v. Shannondale, Inc.* 152 W.Va. 549, 165 S.E.2d 113 (1968), given the nature of a blasting case, blasting damages must often be proven through circumstantial evidence. Thus, the standard we apply here remains the standard we enunciated in *Whitney v. Ralph Myers Contracting Corp.*, 146 W.Va. 130, 134, 118 S.E.2d 622, 624 (1961), where we held:

Plaintiffs were not required to show that the damages to the [structure] were the result of any particular or isolated explosion, but only to establish facts that would fairly raise an inference to the cause thereof.

Here, the evidence presented by the plaintiffs concerned the appearance of cracks in the mortar and blocks subsequent to the blasting conducted by the defendant. The circumstances here are similar to those in *Whitney*, where "several witnesses testified to the nature and severity of the vibrations resulting from the blasting operations of defendant, which reached plaintiff's property and its vicinity, and of complaints made to defendant relating thereto." *Whitney, supra*, 146 W.Va. at 134, 118 S.E.2d at 624.

■ We held in Syllabus Point 4 of *Britner v. Medical Security Card, Inc.*, 200 W.Va. 352, 489 S.E.2d 734 (1997), and Syllabus Point 5 of *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973), that when deciding whether to grant a motion for directed verdict, the court's standard of review is that all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed. As testimony of this type was sufficient in *Whitney* to "establish facts that would fairly raise an inference to the cause thereof," we find that the testimony presented in this case by the appellees does so here. Thus, as the *Whitney* standard remains effective, we consequently find that the appellees did present a prima facie case and, therefore, the trial court did not err in refusing appellant's motion for directed verdict.

■ Appellant's motion for a new trial contends that appellant's trial evidence was of such nature to establish as uncontroverted and undisputed scientific fact its claim that its blasting could not have damaged the Fryes' home. We must review this evidence carefully in light of this contention.

■ As we have stated in a long line of cases, it is the peculiar and exclusive province of the jury to weigh questions of evidence and resolve questions of fact when the testimony of witnesses is conflicting. *Bourne v. Mooney*, 163 W.Va. 144, 147, 254

S.E.2d 819, 821 (1979); syl. pt. 3, *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975); *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905 (1966). As noted above, the plaintiffs presented testimony concerning the May 25, 1993, blasting, the lack of damage to their home before this event, and the appearance of cracks following this episode. Appellant presented testimony that it had kept a seismographic record of this blast which showed that vibrations did not reach a level which could have caused any damage to plaintiffs' house and also proffered expert testimony which stated that the damage to plaintiffs' home was preexisting and naturally occurring.

■ While we agree with appellant that a jury may not simply disregard uncontradicted scientific testimony, there is an important difference between disregarding and disbelieving evidence. This jury appears to have done the latter. Here there was scientific and expert testimony on behalf of Kanawha Stone, but there was also adequate lay testimony from the plaintiffs and their witnesses which contradicted that evidence and which would support the jury's rejection of the appellant's evidence. As we stated in *State v. McWilliams*, "[t]he testimony of expert witnesses on an issue is not exclusive, and does not necessarily destroy the force or credibility of other testimony." *State v. McWilliams*, 177 W.Va. 369, 378, 352 S.E.2d 120, 129 (1986); syl. pt. 2, *Webb v. Chesapeake & O. Ry. Co.*, 105 W.Va. 555, 144 S.E. 100, *cert. denied*, 278 U.S. 646, 49 S.Ct. 82, 73 L.Ed. 559 (1928).

■ As we have stated numerous times, when there is conflicting testimony, the verdict of a properly instructed jury should not be set aside unless plainly contrary to the weight of the evidence. *Wilkinson v. Bowser*, 199 W.Va. 92, 483 S.E.2d 92 (1996); *McDonald v. Beneficial Standard Life Insurance Co.*, 160 W.Va. 396, 235 S.E.2d 367 (1977); syl. pt. 4, *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958). The trial court acted properly in refusing to set aside the verdict of this jury and grant a new trial. The verdict was not contrary to the weight of the evidence proffered. We find no error.

Therefore, the decision of the Circuit Court of Logan County is affirmed.

Affirmed.