# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CANDY JOHNSON and PRINCESS JOHNSON,**
**Plaintiffs Below, Petitioners**

**vs.) No. 22-ICA-231**   (Cir. Ct. Berkeley Cnty. No. CC-02-2019-C-169)

**BRIAN P. TANGUAY,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Candy and Princess Johnson ("Johnsons") appeal the Circuit Court of Berkeley County's November 1, 2022, order denying their motion for a new trial following a jury verdict in favor of Respondent Brian Tanguay. Mr. Tanguay filed a response in support of the circuit court's order. The Johnsons filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Johnsons filed their underlying complaint on April 28, 2019, based on an automobile collision that occurred on November 13, 2018. According to the record, Princess Johnson was driving a 2001 Nissan Sentra and collided into the rear of Mr. Tanguay's 2012 Mazda M31 at the intersection of Route 45 and Goshling Marsh Road in Martinsburg, West Virginia. The Johnsons' complaint alleged that Mr. Tanguay attempted to turn left onto Route 45 from Goshling Marsh Road in front of the Johnsons' vehicle causing the collision.

On September 28, 2022, a two-day jury trial commenced. On the final day of trial, the circuit court gave instructions to the jury, and thereafter each party delivered its closing argument. Relevant to the issues on appeal, the circuit court gave the following instructions:

---

[1] The Johnsons are represented by Bradley J. Reed, Esq. Mr. Tanguay is represented by Trevor K. Taylor, Esq.

1

**West Virginia Code §17C-6-1(a): Speed limitation-Duty of Care**
No person may drive a vehicle on a highway at a speed greater than is reasonable and prudent under the existing conditions and the actual and potential hazards. In every event speed shall be controlled as necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care.

**West Virginia Code §17C-9-3: Vehicle entering through highway or stop intersections**
(a) The driver of a vehicle shall stop as required by section five, article twelve of this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersections from said through highways or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed.
(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.

During Mr. Tanguay's closing argument, his counsel stated: "My client was hit in the rear. Her liability is clear. Ask any one of you what you think of the rules of the road you hit somebody in the rear you're responsible. That's the rule of the road." This statement is the crux of the Johnsons' argument on appeal. The Johnsons' counsel immediately objected to the statement. The circuit court sustained the objection and noted in front of the jury that Mr. Tanguay's counsel's statement was not an accurate description of the law. The Johnsons' counsel then moved to strike the statement, which the circuit court granted. Immediately thereafter, Mr. Tanguay's counsel described to the jury an accurate statement of the law: "[I]n every event speed shall be controlled as to avoid colliding with the vehicle on or entering the highway . . ."

After closing arguments, the case was submitted to the jury, which returned a verdict in favor of Mr. Tanguay. On September 29, 2022, the Johnsons filed their motion for a new trial. The basis for the motion was that Mr. Tanguay's counsel's statement during closing was an incorrect statement of law and it impermissibly asked the jury to place themselves in the shoes of Mr. Tanguay.[2] On October 14, 2022, Mr. Tanguay filed his

---

[2] Arguments asking a jury to place itself in the shoes of a party in the case are referred to as "golden rule" arguments. "Golden rule" arguments to a jury have "been

response to the motion for a new trial. The response asserted that the statement by Mr. Tanguay's counsel did not ask the jury to place themselves in the shoes of Mr. Tanguay and it was not a misstatement of law, as it was a persuasive generalization of the applicable law given in the instructions. On November 5, 2022, the circuit court denied the motion for a new trial. The circuit court concluded that the statement by Mr. Tanguay's counsel did not ask the jury to place itself in the shoes of Mr. Tanguay and that even if the statement was a misstatement of the law, given the curative steps taken by the circuit court, the jury was not "substantially swayed by the error." It is from this order that the Johnsons appeal.

Our standard of review is as follows: "A reviewing court employs an abuse of discretion standard of review when considering a circuit court's ruling on a motion for a new trial." *McClure Mgmt., LLC v. Taylor*, 243 W. Va. 604, 614, 849 S.E.2d 604, 614 (2020).

On appeal, the Johnsons assert that the circuit court erred by denying their motion for a new trial based on Mr. Tanguay's counsel's comments during closing argument. "Mistrials in civil cases are generally regarded as the most drastic remedy and should be reserved for the most grievous error where prejudice cannot otherwise be removed." Syl. Pt. 11, *Pasquale v. Ohio Power Co.,* 187 W.Va. 292, 296, 418 S.E.2d 738, 742 (1992). Further, "[t]he discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Syl., *State v. Boggs*, 103 W.Va. 641, 138 S.E. 321 (1927).

Here, we find that it was not an abuse of discretion for the circuit court to deny the Johnsons' motion for a new trial. The record reflects that the circuit court properly sustained the objection of the Johnsons' counsel; that the circuit court voiced, in front of the jury, that the statement of Mr. Tanguay's counsel was not the law; that the statement was struck from the record; and the jury was previously instructed to follow the law given to it by the circuit court, not counsel. The actions of the circuit court immediately following the contested statement by Mr. Tanguay's counsel adequately remedied any prejudice the statement may have had on the jury.

Accordingly, we affirm the circuit court's November 1, 2022, order.

Affirmed.

---

widely condemned as improper." *Ellison v. Wood & Bush Co.*, 153 W. Va. 506, 514, 170 S.E.2d 321, 327 (1969).

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen